UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

American Federal Bank, a federal savings bank,

        Plaintiff,

    v.

West Central Ag Services, a Minnesota cooperative, Georgetown Farmers' Elevator Company, a Minnesota corporation, Chad Oberg, an individual, Richard Oberg, an individual, Leslie Oberg, an individual, and Laurel Oberg, an individual,

        Defendants.

Court File No.  19-cv-02337-DSD-ECW

**ANSWER AND CROSSCLAIM**

---

Defendant West Central Ag Services ("West Central") for its Answer to the Complaint filed by Plaintiff American Federal Bank ("AFB") states as follows:

Unless specifically admitted, West Central denies each and every allegation in the Complaint.

## I. PARTIES

1.      West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 1 of the Complaint and, therefore, denies the allegations.

2.      West Central admits the allegations contained in paragraph 2 of the Complaint.

3.      West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 3 of the Complaint and, therefore, denies the allegations.

4.      West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 4 of the Complaint and, therefore, denies the allegations.

5.      West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 5 of the Complaint and, therefore, denies the allegations.

6.      West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 6 of the Complaint and, therefore, denies the allegations.

7.      West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 7 of the Complaint and, therefore, denies the allegations.

## II.  JURISDICTION AND VENUE

8.      Paragraph 8 of the Complaint alleges legal conclusions that require no response.  To the extent a response is required, West Central states that the cited statutory provisions speak for themselves.   West Central denies the remaining allegations contained in paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint alleges a legal conclusion that requires no response.  To the extent a response is required, West Central states that the cited statutory provisions speak for themselves.   West Central denies the remaining allegations contained in paragraph 9 of the Complaint.

## III.  FACTS

10.      In response to paragraph 10 of the Complaint, West Central admits that it provided agricultural goods and services to Defendants Chad Oberg, Richard Oberg, Leslie Oberg, and Laurel Oberg (collectively, the "Obergs").  West Central denies the remaining allegations contained in paragraph 10 of the Complaint.

11.     In response to paragraph 11 of the Complaint, West Central admits that it filed a UCC Financing Statement with the Minnesota Secretary of State.  In response to the remaining allegations contained in paragraph 11 of the Complaint, West Central states that the UCC Financing Statement speaks for itself.

12.     West Central denies the allegations contained in paragraph 12 of the Complaint.

13.     In response to paragraph 13 of the Complaint, West Central states that the December 31, 2017, financial statement speaks for itself.

14.     West Central denies the allegations contained in paragraph 14 of the Complaint.

15.     In response to paragraph 15 of the Complaint, West Central admits that it entered into a certain Line of Credit Note (the "Note") and a certain Security Agreement (the "Security Agreement") with Oberg Family Farms and entered into a certain Guaranty agreement (the "Guaranty") and a certain Security Agreement (the "Guaranty Security Agreement" and, with the Note, Security Agreement, and Guaranty, the "Loan Documents") with Chad Oberg, Richard Oberg, and Laurel Oberg.  In response to the remaining allegations contained in paragraph 15 of the Complaint, West Central states that the Loan Documents speak for themselves.

16.     West Central lacks sufficient knowledge to admit or deny the allegations regarding the Obergs' solvency and, therefore, denies those allegations.  West Central denies the remaining allegations contained in paragraph 16 of the Complaint.

17.     West Central denies the allegations contained in paragraph 17 of the Complaint.

18.     In response to paragraph 18 of the Complaint, West Central states that the Loan Documents speak for themselves.

19.     West Central denies the allegations contained in paragraph 19 of the Complaint.

20.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 20 of the Complaint and, therefore, denies the allegations.

21.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 21 of the Complaint and, therefore, denies the allegations.

22.     In response to paragraph 22 of the Complaint, West Central admits that it filed a CNS Financing Statement.  West Central denies the remaining allegations contained in paragraph 22 of the Complaint.

23.     In response to paragraph 23 of the Complaint, West Central states that the Promissory Note dated September 25, 2018, speaks for itself.  West Central lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 23 of the Complaint and, therefore, denies the allegations.

24.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 24 of the Complaint and, therefore, denies the allegations.

25.     In response to paragraph 25 of the Complaint, West Central states that the 900K Mortgage speaks for itself.  West Central lacks sufficient knowledge to admit or

deny the remaining allegations contained in paragraph 25 of the Complaint and, therefore, denies the allegations.

26.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 26 of the Complaint and, therefore, denies the allegations.

27.     In response to paragraph 27 of the Complaint, West Central states that the September and October Operating Account records speak for themselves.

28.     In response to paragraph 28 of the Complaint, West Central states that the September and October Operating Account records speak for themselves.

29.     In response to paragraph 29 of the Complaint, West Central states that the September and October Operating Account records speak for themselves.

30.     In response to paragraph 30 of the Complaint, West Central states that the September and October Operating Account records speak for themselves.

31.     In response to the allegations in paragraphs 31(a)-(e) of the Complaint concerning the balances in the Operating Account, West Central states that the September and October Operating Account records speak for themselves.  West Central denies the remaining allegations contained in paragraphs 31(a)-(e) of the Complaint.

32.     In response to the allegations in paragraph 32 of the Complaint concerning the balance of the Operating Account, West Central states that the September and October Operating Account records speak for themselves.  West Central denies the allegation that the funds included in the West Central payment are directly traceable to any loan from AFB.  West Central denies the remaining allegations contained in paragraph 32 of the Complaint.

33.     In response to the allegations in paragraph 33 of the Complaint, West Central states that the West Central Check speaks for itself.  West Central lacks sufficient information to admit or deny the remaining allegations in paragraph 33 of the Complaint and, therefore, denies the allegations.

34.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 34 of the Complaint and, therefore, denies the allegations.

35.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 35 of the Complaint and, therefore, denies the allegations.

36.     West Central admits the allegation contained in paragraph 36 of the Complaint.

37.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 37 of the Complaint and, therefore, denies the allegations.

38.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 38 of the Complaint and, therefore, denies the allegations

39.     In response to paragraph 39 of the Complaint, West Central states that the Promissory Note dated December 13, 2018, speaks for itself.  West Central lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 39 of the Complaint and, therefore, denies the allegations.

40.     In response to paragraph 40 of the Complaint, West Central states that the Mortgage dated December 14, 2018, speaks for itself.  West Central lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 40 of the Complaint and, therefore, denies the allegations.

41.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 41 of the Complaint and, therefore, denies the allegations.

42.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 42 of the Complaint and, therefore, denies the allegations.

43.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 43 of the Complaint and, therefore, denies the allegations.

44.     In response to the allegations in paragraph 44 of the Complaint, West Central states that the Operating Account records speak for themselves.

45.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 45 of the Complaint and, therefore, denies the allegations.

46.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 46 of the Complaint and, therefore, denies the allegations.

47.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 47 of the Complaint and, therefore, denies the allegations.

48.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 48 of the Complaint and, therefore, denies the allegations.

49.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 49 of the Complaint and, therefore, denies the allegations.

50.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 50 of the Complaint and, therefore, denies the allegations.

51.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 51 of the Complaint and, therefore, denies the allegations.

52.      West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 52 of the Complaint and, therefore, denies the allegations.

53.      In response to paragraph 53 of the Complaint, West Central States that the Notice of Default speaks for itself.  West Central lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 53 of the Complaint and, therefore, denies the allegations.

54.      In response to paragraph 54 of the Complaint, West Central States that the Notice of Default speaks for itself.  West Central lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 54 of the Complaint and, therefore, denies the allegations.

55.      West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 55 of the Complaint and, therefore, denies the allegations.

56.      West Central admits the allegations contained in paragraph 56 of the Complaint.

57.      West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 57 of the Complaint and, therefore, denies the allegations.

58.      West Central lacks sufficient knowledge to admit or deny the allegations concerning AFB's receipt of the Farmer-Lender Mediation notice and, therefore denies the allegations.  The remainder of paragraph 58 of the Complaint alleges a legal conclusion that requires no response.  To the extent a response is required, West Central states that the cited statutory provisions speak for themselves.  West Central denies the remaining allegations contained in paragraph 58 of the Complaint.

8

59.     West Central lacks sufficient knowledge to admit or deny the allegations concerning AFB's knowledge of the assignment for the benefit of creditors and, therefore, denies the allegations.  In response to the remaining allegations contained in paragraph 59 of the Complaint, West Central states that the assignment for the benefit of creditors speaks for itself.

60.     West Central admits the allegations contained in paragraph 60 of the Complaint.

61.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 61 of the Complaint and, therefore, denies the allegations.

62.     In response to paragraph 62 of the Complaint, West Central states that the court order dated August 16, 2019, speaks for itself.  The remainder of paragraph 62 of the Complaint alleges a legal conclusion that requires no response.

63.     Paragraph 63 of the Complaint alleges a legal conclusion that requires no response.  To the extent a response is required, West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 63 of the Complaint and, therefore, denies the allegations.

64.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 64 of the Complaint and, therefore, denies the allegations.

65.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 65 of the Complaint and, therefore, denies the allegations.

66.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 66 of the Complaint and, therefore, denies the allegations.

67.     West Central denies the allegations contained in paragraph 67 of the Complaint.

68.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 68 of the Complaint and, therefore, denies the allegations.

## IV.  CAUSES OF ACTION

### COUNT I

69.     Paragraph 69 of the Complaint alleges a legal conclusion that requires no response.  To the extent a response is required, West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 69 of the Complaint and, therefore, denies the allegations.

70.     Paragraph 70 of the Complaint alleges a legal conclusion that requires no response.  To the extent a response is required, West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 70 of the Complaint and, therefore, denies the allegations.

71.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 71 of the Complaint and, therefore, denies the allegations.

72.     Paragraph 72 of the Complaint alleges a legal conclusion that requires no response. To the extent a response is required, West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 72 of the Complaint and, therefore, denies the allegations.

## COUNT II

73.     Paragraph 73 of the Complaint alleges a legal conclusion that requires no response.  To the extent a response is required, West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 73 of the Complaint and, therefore, denies the allegations.

74.     Paragraph 74 of the Complaint alleges a legal conclusion that requires no response.  To the extent a response is required, West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 74 of the Complaint and, therefore, denies the allegations.

75.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 75 of the Complaint and, therefore, denies the allegations.

76.     Paragraph 76 of the Complaint alleges a legal conclusion that requires no response.  To the extent a response is required, West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 76 of the Complaint and, therefore, denies the allegations.

## COUNT III

77.     West Central incorporates its previous responses in response to paragraph 77 of the Complaint.

78.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 78 of the Complaint and, therefore, denies the allegations.

79.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 79 of the Complaint and, therefore, denies the allegations.

80.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 80 of the Complaint and, therefore, denies the allegations.

81.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 81 of the Complaint and, therefore, denies the allegations.

82.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 82 of the Complaint and, therefore, denies the allegations.

83.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 83 of the Complaint and, therefore, denies the allegations.

**COUNT IV**

84.     West Central incorporates its previous responses in response to paragraph 84 of the Complaint.

85.     Paragraph 85 of the Complaint alleges a legal conclusion that requires no response.  To the extent a response is required, West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 85 of the Complaint and, therefore, denies the allegations.

86.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 86 of the Complaint and, therefore, denies the allegations.

87.     West Central denies the allegations contained in paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint alleges a legal conclusion that requires no response.  To the extent a response is required, West Central lacks sufficient knowledge

to admit or deny the allegations contained in paragraph 88 of the Complaint and, therefore, denies the allegations.

89.     West Central denies the allegations contained in paragraph 89 of the Complaint.

90.     West Central denies the allegations contained in paragraph 90 of the Complaint.

## COUNT V

91.     West Central incorporates its previous responses in response to paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint alleges a legal conclusion that requires no response.  To the extent a response is required, West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 92 of the Complaint and, therefore, denies the allegations.

93.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 93 of the Complaint and, therefore, denies the allegations.

94.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 94 of the Complaint and, therefore, denies the allegations.

95.     Paragraph 95 of the Complaint alleges a legal conclusion that requires no response.  To the extent a response is required, West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 95 of the Complaint and, therefore, denies the allegations.

96.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 96 of the Complaint and, therefore, denies the allegations.

97.     West Central lacks sufficient knowledge to admit or deny the allegations contained in paragraph 97 of the Complaint and, therefore, denies the allegations.

## DEFENSES

98.     West Central is a good faith transferee under Minn. Stat. § 513.48(a).

99.     AFB fails to state a claim upon which relief can be granted.

100.    AFB's claims are barred by the doctrine of unclean hands.

101.    AFB's claims are barred by the doctrine of laches.

102.    AFB's claims are barred by estoppel or waiver.

103.    AFB's claims are barred or reduced by mistake, fraud, or inequitable conduct.

104.    West Central reserves the right to assert or allege any other defenses and affirmative defenses that may arise as the investigation and discovery continue in this case.

## CROSSCLAIM

1.     West Central incorporates all preceding paragraphs as though fully set forth herein.

2.     On or about April 25, 2018, the Obergs and West Central entered into a number of agreements whereby West Central extended a line of credit to the Obergs.

3.     Oberg Family Farms executed and delivered the Note in favor of West Central in the original principal amount of $1,500,000.

4.      Oberg Family Farms further executed the Security Agreement, granting West Central a security interest in collateral as specified therein.

5.      To secure payment under the Note, Chad Oberg, Richard Oberg, and Laurel Oberg executed the Guaranty in favor of West Central.

6.      Under the Guaranty, Chad Oberg, Richard Oberg, and Laurel Oberg, jointly and severally, unconditionally and absolutely guaranteed Oberg Family Farms' due and punctual payment owed to West Central.

7.      Chad Oberg, Richard Oberg, and Laurel Oberg executed the Guaranty Security Agreement, granting West Central a security interest in collateral as specified therein.

8.      On August 22, 2019, the Obergs consented to the entry of a confession of judgment in favor of West Central (the "Confession of Judgment").

9.      In the Confession of Judgment, the Obergs acknowledge the validity and effectives of the Loan Documents.

10.      West Central denies any and all liability to AFB or anyone else and specifically denies any allegation that the Obergs' payment to West Central constitutes a voidable transfer or that West Central was not a good faith transferee.

11.      However, if West Central is required by way of settlement, verdict, judgment, compromise, or otherwise to make payment to AFB, West Central is entitled to recover the amount paid to AFB from the Obergs based on the Loan Documents, which would be separate from, and in addition to, the judgment entered by the Clay County District Court in connection with the Confession of Judgment.

WHEREFORE, West Central respectfully requests that the Court:

A.    Dismiss the Complaint with prejudice;

B.    Deny the relief requested in the Complaint with prejudice;

C.    Award West Central's costs and attorneys' fees as allowed by applicable law.

D.    Grant West Central such other just and equitable relief as the Court deems appropriate.

Dated:  September 19, 2019                  */s/ Steven R. Kinsella*
_____
Michael S. Raum (#388747)
Steven R. Kinsella (#0392289)
Samuel M. Andre (#0399669)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone:  612.492.7000
mraum@fredlaw.com
skinsella@fredlaw.com
sandre@fredlaw.com

***Attorneys for West Central Ag Services***

67846297 v1

16